UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENE F. MUMMERY, | ) | No. EDCV 04-0859-JTL |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On July 15, 2004, Gene F. Mummery ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for supplemental security income benefits. On August 20, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on February 16, 2005, defendant filed an Answer to Complaint. On May 27, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

## BACKGROUND

On March 8, 2002, plaintiff filed an application for supplemental security income. (Administrative Record ["AR"] at 70-72). Plaintiff alleged that beginning on March 21, 1992, he was unable to work because he suffered from the following impairments: reflex sympathetic dystrophy, chronic pain syndrome, and depression. (AR at 54, 75). The Commissioner denied plaintiff's applications for benefits, initially and upon review. (AR at 54-57, 60-63).

On September 23, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 64). On April 3, 2003, the ALJ conducted a hearing in San Bernardino, California. (AR at 30-47). Plaintiff appeared at the hearing with his counsel and testified. (AR 33-42). Kenneth Mummery, plaintiff's father, also testified. (AR at 42-46).

On July 16, 2003, the ALJ issued his decision denying benefits. (AR at 12-22). The ALJ found, inter alia, that the medical evidence established that plaintiff had severe physical impairments, including reflex sympathetic dystrophy, hypertension, obesity, and left shoulder rotator cuff tendonitis. (AR at 21). But none of these impairments, either alone or in combination, met or equaled any of the criteria contained in the Commissioner's Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. (AR at 21). The ALJ also found that plaintiff's substance induced mood disorder was durationally non-severe. (AR at 21). Next, the ALJ determined that plaintiff had the residual functional capacity to perform medium work activities. (AR at 21). The ALJ specified that plaintiff's residual functional capacity did not preclude him from performing his past relevant work as a warehouse worker and furniture framer. (AR at 21). Ultimately,

the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (AR at 21).

On July 25, 2003, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 8). On May 19, 2004, the Appeals Council affirmed the ALJ's decision. (AR at 3-5).

### PLAINTIFF'S CONTENTIONS

In the Joint Stipulation filed by the parties, plaintiff makes the following contentions:

1. The ALJ failed to properly evaluate the evidence regarding the side effects of plaintiff's medication.
2. The ALJ failed to obtain vocational expert testimony.
3. The ALJ failed to properly develop the record.

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler,

803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. The Sequential Evaluation

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Bowen, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. Id. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

B. **Duty to Develop the Record**

In his third claim for relief, plaintiff contends that the ALJ failed to properly develop the record with regard to his mental impairment. As discussed below, the Court agrees.

An ALJ must fully and fairly develop the record and assure that plaintiff's interests are considered. See DeLorme, 924 F.2d at 849. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). In carrying out this duty, the ALJ must "make every reasonable effort" to help the claimant gather his medical records. 20 C.F.R. § 416.912(d). Even when the claimant is represented by counsel, the ALJ must still fulfill his duty to develop the record. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when claimant is represented by counsel). Moreover, the ALJ's duty is heightened where the claimant's ability to protect his or her interests may be adversely affected by a mental impairment. Bousquet v. Apfel, 118 F. Supp. 2d 1049, 1056 (C.D. Cal. 2000) ("The ALJ's duty to develop the record is heightened when a claimant's ability to protect his or her interests is adversely affected by a mental impairment."); DeLorme, 924 F.2d at 849 ("In cases of mental impairments, this duty is especially important.") (citations and internal quotations omitted). When it is reasonably necessary for the full presentation of a case, an ALJ, on his or her own initiative, or at the request of the party, may issue subpoenas for additional evidence that is material to an issue at the hearing. See 20 C.F.R. § 404.950(d).

In the Disability Report that plaintiff submitted as part of his application for benefits on March 8, 2002, plaintiff alleged that he had depression, which adversely affected his ability to work. (AR at 75). He also indicated in his Disability Report that he had sought mental treatment for depression and had been prescribed anti-depressant medication (Prozac) between October of 2000 and October of 2001 (AR at 77, 80). Medical records show that plaintiff was diagnosed with major depression, single episode, in December 1993, alcohol induced mood disorder and depression on May 11, 2002, and depression again on April 4, 2003. (AR at 161, 216, 265). Furthermore, plaintiff testified before the ALJ that he had severe depression and sought treatment. (AR at 41).

Ultimately, the ALJ determined that plaintiff's depression was a substance induced mood disorder. (AR at 14, 18-19). Additionally, he found it was durationally non-severe because it lasted less than 12 months. (AR at 14). The ALJ noted that because the record only reflected recent treatment for depression in March 2003 and April 2003, plaintiff's substance induced mood disorder was durationally non-severe. (AR at 18-19).

Plaintiff contends that the ALJ erred in reaching this decision because the ALJ failed to properly develop the record concerning plaintiff's mental impairment. As discussed above, there was ample evidence to alert the ALJ to the fact that plaintiff had sought treatment for depression for more than twelve months preceding his application for benefits. Plaintiff's Disability Report indicates that between October 12, 2000 and October 26, 2001, two doctors, Dr. Pandoue and Dr. McCall, had treated plaintiff for pain and depression and prescribed medication for plaintiff as well. The record does not

indicate what kind of medication they prescribed for plaintiff. (AR at 77). Nor does the administrative record contain medical records from Dr. Pandoue or Dr. McCall. Finally, there is no evidence that the ALJ attempted to obtain these records. The Narrative Report from Waheed Saeed, M.D., plaintiff's treating psychiatrist, indicated that plaintiff had been going to Riverside County Department of Mental Health since September 28, 1999, and was last seen on April 4, 2003. (AR at 264-65). In order to properly evaluate whether plaintiff's alleged depression was durationally severe, the ALJ should have, at a minimum, obtained medical records from plaintiff's treating physicians.

The ALJ found that plaintiff's mental impairment was durationally non-severe because the medical records from Riverside County Department of Mental Health dated in March 2003 and April 2003 did not document depression or other mental work-related limitations lasting for the required twelve month period. (AR at 19). But without the medical records from Dr. Pandoue and Dr. McCall, or the medical records from Riverside County Department of Mental Health, which together would have covered the period from September 1999 to April 2003, the ALJ could not have determined with any confidence whether plaintiff did, in fact, have a severe mental impairment that lasted for more than the required twelve month period.

Furthermore, only the first page of Dr. Saeed's Interdisciplinary Progress Notes appears in the record. The report continues on to the second page, which does not appear in the record. (AR at 264). Thus, before concluding that Dr. Saeed's report "provided no progress notes to document either subjective complaints or objective findings to support a finding that the claimant's depression has been severe for

any extended period of time," the ALJ should have obtained the rest of the report. (AR at 18-19).

Defendant argues that the ALJ did not have a duty to further develop the record because the evidence was not ambiguous and the record was adequate for the ALJ's proper evaluation of the evidence. Based on the foregoing discussion, however, the Court rejects this argument. The only records upon which the ALJ relied were ambiguous in that they indicated plaintiff had sought treatment for depression during the preceding several years, and not just the preceding two months, which is what the ALJ concluded. (AR at 77, 264-65).

Defendant argues, alternatively, that the ALJ noted that even if plaintiff's mental condition was durationally severe, plaintiff's substance abuse would be a material factor contributing to a finding of disability and would therefore have resulted in a denial of his application. (AR at 19). See 42 U.S.C. § 423. On remand, however, the ALJ will have an opportunity to develop the record and determine what the implication is of such circumstances, if any, on a finding of disability.

C.  **Remand is Required to Remedy the Defects in the ALJ's Decision**

Having found the ALJ's decision deficient, the Court must decide whether to award benefits to plaintiff or remand the case for further proceedings. The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. See id.; see also Rodriguez v.

1  Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d
2  172, 176 (9th Cir. 1990). An award of benefits is appropriate where
3  no useful purpose would be served by further administrative
4  proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir.
5  1995), where the record has been fully developed, see Schneider v.
6  Commissioner of the Social Security Administration, 223 F.3d 968, 976
7  (9th Cir. 2000), or where remand would unnecessarily delay the receipt
8  of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.
9  1996).

10     Here, the Court finds that remand of this matter is appropriate.
11 On remand, the ALJ should obtain the medical records from (1) Dr.
12 Pandoue and Dr. McCall relating to the treatment of plaintiff's
13 depression and (2) Riverside County Department of Mental Health dating
14 from September 28, 1999 to April 4, 2003. The ALJ must then determine
15 whether plaintiff has a severe mental impairment that has lasted for
16 more than 12 months. Finally, if necessary, the ALJ must consider the
17 effects of all of plaintiff's impairments in deciding whether
18 plaintiff has the residual functional capacity to perform work that
19 exists in significant numbers in both the local and national
20 economies.[1]

---

[1] In the Joint Stipulation, plaintiff also argues that the ALJ (1) failed to properly evaluate the evidence regarding the side effects of plaintiff's medication, and (2) failed to obtain vocational expert testimony. As explained above, however, the ALJ's error in failing to develop the record with regard to plaintiff's depression constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

## ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: July 8, 2005

_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE